**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4194**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

GARY ALLEN KIRKPATRICK,

                Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:03-cr-00017-LHT-1)

─────────────

Submitted:  April 9, 2010              Decided:  April 20, 2010

─────────────

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Claire J. Rauscher, Executive Director, Ross H. Richardson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Edward R. Ryan, Acting United States Attorney, Don D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Allen Kirkpatrick appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months in prison. On appeal, Kirkpatrick contends that his sentence is plainly unreasonable. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court need not robotically tick through every subsection, and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a district court must provide a statement of reasons for the sentence, the

court need not be as detailed or specific when imposing a revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

On appeal, Kirkpatrick does not challenge the district court's findings that he willfully violated the terms of his supervised release in the manner set forth in the revocation petition, lied at the revocation hearing about the violations, and refused to cooperate with custodial authorities; nor does he challenge the revocation of his supervised release. Rather, he contends that in imposing the statutory maximum 24-month prison term, the district court failed to carefully consider and weigh the required factors under 18 U.S.C. §§ 3553(a), 3583 (2006) in accordance with our decision in Crudup. We disagree.

The district court explained its decision to reject the Chapter Seven policy statement range and impose a 24-month sentence was based on Kirkpatrick's perjury in court at the hearing and his past behavior as indicated in the violation report and the testimony of the supervising probation officer. Kirkpatrick not only violated the conditions of his supervised release by possessing a knife and lying about it to the probation officer, but he also threatened three people with the knife and then lied to the district court. He furthermore refused to cooperate with custodial authorities and other individuals assigned to supervise or assist him. The district

court's explanation indicated its consideration of the nature and circumstances of Kirkpatrick's offense, his history and characteristics, and the need for the sentence to afford adequate deterrence to criminal conduct. Thus, we conclude that the sentence is procedurally and substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED